1 Vincent R. Whittaker, Bar No. 214007
vwhittaker@mowllp.com
2 Julie A. Rosser, Bar No. 211668
jrosser@mowllp.com
3 MUELLER/OLIVIER/WHITTAKER LLP
41-750 Rancho Las Palmas Dr., Bldg. H
4 Rancho Mirage, California 92270
Telephone: (760) 837-0333
5 Telecopier: (760) 837-0330

6 Attorneys for Defendants
FRONTIER BANK, FSB dba EL PASEO BANK and
7 WESTERN COMMUNITY BANCSHARES, INC.

FILED
CLERK, U.S. DISTRICT COURT

AUG 8 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERY WILLIAMSON,<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER BANK, FSB, EL PASEO BANK; WESTERN BANCSHARES, INC., AND DOES 1 THROUGH 20; INCLUSIVE<br><br>Defendants. | Case No.: CV 11-08883 DSF (Ex)<br>Judge: Hon. Dale S. Fischer<br><br>PROTECTIVE ORDER |

The Court hereby approves the stipulation of the parties, as set forth in the Stipulation for Protective Order, and orders as follows:

1. In connection with the discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulation for Protective Order and Protective Order (collectively, "Order"). Confidential information is information that has not been made public and that concerns or relates to the processes, operations, type of work, confidential, trade secret, and/or proprietary business and financial information of any person, firm, partnership,

MUELLER/OLIVIER/WHITTAKER LLP
ATTORNEYS AT LAW
41-750 RANCHO LAS PALMAS DR., BLDG. H
RANCHO MIRAGE, CA 92270

PROTECTIVE ORDER

corporation or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or the organization from which the information was obtained.

By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of *Federal Rule of Civil Procedure* § 26(g).

2.  Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multiple documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.  Testimony taken at a deposition, conference, hearing or trial may be designed as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.  Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of this prosecution, defense, or settlement of this action, and for no other purpose.

5.  Confidential Material produced pursuant to this Order may be disclosed or made available to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6. Depositions shall be taken only in the presence of qualified persons.

7. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(a) through (e) above, but shall not be disclosed to a party, or to an officer, director, or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this

MUELLER/OLIVIER/WHITTAKER LLP
ATTORNEYS AT LAW
41-750 RANCHO LAS PALMAS DR., BLDG. H
RANCHO MIRAGE, CA 92270

action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential—Subject to Court Order" and filed under seal until further order of this Court.

10. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; or (ii) to present a motion to the Court under *Federal Rule of Civil Procedure* § 26(c) for a separate protective order as to any particular documents or information, including restrictions different from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any further application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceeding pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party of altering the confidentiality or nonconfidentiality of any such document or information, or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not

become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

**APPROVED AND SO ORDERED.**

Dated: 8/8/12

HONORABLE ~~DALE S. FISCHER,~~
~~FEDERAL DISTRICT COURT JUDGE~~
Charles F. Eick
United States Magistrate Judge

MUELLER/OLIVIER/WHITTAKER LLP
ATTORNEYS AT LAW
41-750 RANCHO LAS PALMAS DR., BLDG. H
RANCHO MIRAGE, CA 92270

PROTECTIVE ORDER

# Attachment A

## NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>Williamson v. Frontier Bank, et al.</u>, United States District Court for the Central District of California, Civil Action No.: CV11-08883-DSF (Ex), and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____     _____
                                    /s/

                                    _____
                                    (Print Name)

MUELLER/OLIVIER/WHITTAKER LLP
ATTORNEYS AT LAW
41-750 RANCHO LAS PALMAS DR., BLDG. H
RANCHO MIRAGE, CA 92270